

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXX
**ATTORNEY GENERAL**

**AUSTIN 11, TEXAS**

Honorable O. P. Lockhart, Chairman  Opinion No. O-4521
Board of Insurance Commissioners  Re: Whether the combined policy
Austin, Texas  of The American Hospital and Life
  Insurance Company provides for pay-
  ment of any life insurance benefits,
Dear Sir:  and can be classed as life insurance?

Your letter of March 31, 1942, requesting the opinion of this department, reads as follows:

"Enclosed is specimen, combination policy of the American Hospital and Life Insurance Company of San Antonio, Texas.

"We invite your attention especially to the first three paragraphs in bold face type on the front page, and Part III 'All Premiums Returned in Event of Death' on page three thereof.

"This Department has heretofore ruled consistently that policies of this nature constitute life insurance insofar as they provide for payment of any benefits contingent upon the cessation of human life under Article 4716. Because some question has been raised as to the correctness of our ruling as applied to this particular policy we ask you to advise us whether or not it does provide for payment of any life insurance benefits and whether it can therefore be classed as life insurance."

The statutes of Texas do not define the term "life insurance" but merely defines what shall be deemed a life, accident or health insurance company. For the purpose of supervision by the Insurance Department, all of such companies described are placed under the supervision of the Life Insurance Commissioner, thus dividing the duties as distinguished from fire and casualty insurance business supervised by the Fire and Casualty Insurance Commissioners.

We quote from Cooley's Briefs on Insurance, Vol. 1, Second Edition, page 27:

"A contract of insurance is an agreement by which one party for a consideration, which is usually paid in money, either in one sum or at different times during the continuance of the risk, promises to make a certain payment of

money, on the destruction or injury of something in which
the other party has an interest. In fire and marine in-
surance, the thing insured is property; in life or acci-
dent insurance, it is the life or the health of a person.
All that is requisite to constitute such a contract is
the payment of the consideration by the one and the prom-
ise of the other to pay the amount of the insurance upon
the happening of injury to the subject by the contingency
contemplated in the contract."

In the Cyclopedia of Insurance Law by Couch, Vol. 1, par. 34,
we find life insurance defined in the absence of a statute as a contract
"dependent upon human life, whereby one for a stipulated consideration,
customarily called a premium, agrees to pay another a certain sum of
money upon the happening of a given contingency, usually death, or upon
the termination of a specified period."

As early as 1891, the Supreme Court of this State, in an adopted
opinion, found in Supreme Council of American Legion of Honor v. Larmour,
16 S.W. 633, recognized a life insurance contract in substantially the
same language as quoted from the foregoing authorities, and we quote from
the opinion:

". . . an agreement, in consideration of a specified
sum in the aggregate, or at stated intervals of time dur-
ing the contract, to make a payment in money upon the de-
struction or injury of something in which the insured has
an interest. Property is the subject of fire and marine
insurance. Life, health and soundness of the person con-
stitutes, usually, the subject-matter of life and acci-
dent insurance. This question is fully considered and
decided in Commonwealth v. Weatherbee, 105 Mass. 160;
State v. Association, 18 Neb. 291, 25 N. W. Rep. 81; and
Farmer v. State, 69 Tex. 276, 7 S. W. Rep. 220. . . ."

In defining a "life insurance company", Article 4716, Revised
Civil Statutes, provides that such a company shall be deemed a corpora-
tion doing business under any charter involving the payment of money
or other thing of value, conditioned on the continuance or cessation
of human life, or involving an insurance, guaranty, contract or pledge
for the payment of endowments or annuities. Thus, in characterizing
the business of and defining such companies, the Legislature has accepted
and closely followed the general definition laid down by Cooley and nu-
merous other authoritive text writers and court decisions in a majority
of the states.

The specimen contract submitted, provides that in the event
of death of the contract holder from any cause while insured thereunder
the company will immediately, upon receipt of due proof of death and

of the interests of the claimant, pay to the designated beneficiary <u>an amount equal to the sum of all the premium payments</u>, without interest, which have been made on the contract.

The contract form in question undoubtedly contains features providing for the payment of life benefits under the above authorities. To say, however, that such policy is or is not classed as a life insurance contract would be, strictly speaking, overlooking its accident and health features. We are not aware of any statute in Texas, relating to the Insurance Department, as would require or make it necessary for your Department to determine whether or not with certainty, the character of the insurance contract submitted is one of life insurance as against its being classed as an accident and health policy. By reason of its accident and health provisions, we are inclined to view the policy form as a combined life, accident and health insurance contract.

It is, therefore, the opinion of this department that the GR-51 policy form of The American Hospital & Life Insurance Company of San Antonio, Texas, provides for the payment of life insurance benefits and should be classed as a combined life, accident and health insurance contract since it is not exclusively a contract of life insurance.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By   s/ Wm. J. R. King
                Assistant

WMK:LM:LM

APPROVED APR 23, 1942
s/ Zollie C. Steakley
Acting ATTORNEY GENERAL OF TEXAS


APPROVED OPINION COMMITTEE BY BWB CHAIRMAN